UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL R. JACKSON,

        Plaintiff,

vs.                                  CASE NO.: 6:09-cv-00888

WAL-MART STORES, INC.
d/b/a SAM'S CLUB and
LVNV FUNDING, LLC,

        Defendants.
_____/

## MOTION TO DISMISS COMPLAINT

Comes now Defendant, LVNV Funding, LLC ("LVNV"), by and through its undersigned attorney and pursuant to the Rule 1.140(b) *Fla.R.Civ.P.* moves to dismiss Plaintiff's Complaint and states as follows:

1.      Plaintiff has brought its cause of action against LVNV under a single count (Count II), entitled "(*Violation of the Florida Consumer Collection Practices Act "FCCPA") LVNV FUNDING, LLC*." In support of Plaintiff's assertions that LVNV has violated the FCCPA, it summarily states in Count II that LVNV has violated Florida Statute §§ 559.72, subsections (7), (5), (6) and (9).

2.      Plaintiff has failed to state a cause of action for violation of § 559.72(9) or violation of § 559.72(5).

**Legal Argument and Citations to Authority**

3.Specifically, Plaintiff has failed to state a cause of action under § 559.72(9) because Plaintiff fails to allege that LVNV had actual knowledge that it was collecting a debt that was not legitimate, that it intended to collect a debt that it knew was not owed, or that it otherwise asserted a legal right when it knew the right did not exist. An allegation regarding LVNV's intent is essential for Plaintiff to maintain a cause of action against LVNV.

> "The Florida Consumer Credit Practices Act (FCCPA) is narrower in scope than the federal act" [FDPCA]. F.S. § 559.72(9) states that in collecting debts, no person shall claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of a legal right when that person knows that the right does not exist. The use of the work "knows" requires actual knowledge of the impropriety or overreach of a claim. The FCCPA requires an allegation of knowledge or intent by the debt collector in order to state a cause of action.

In re Rodney L. Cooper, Sr., 253 B.R. 286 (N.D. Fla. 2000), citing Kaplan v. Assetcare, Inc., et al., 88 F.Supp.2d 1355, 1363 (S.D. Fla. 2000).

4.Plaintiff merely alleges that Defendants provided a copy of his police report to Defendant Wal-Mart in March of 2008, and that the Defendants were "attempting to collect on an alleged debt in spite of the continued attempts of Plaintiff to explain that he was not the Michael Jackson on the account and in fact Plaintiff's address and telephone number were different from the Michael Jackson who had the Sam's account which was in arrears." *Complaint*, ¶¶ 11 and 12.

5.The allegations in the Complaint fail to allege that LVNV knew it was

collecting a debt from Plaintiff that Plaintiff did not, in fact, owe. Therefore, the Complaint fails to satisfy the pleading requirements necessary to state a cause of action against LVNV for violation of F.S. § 599.72(9).

6. Plaintiff has also failed to state a cause of action under § 599.72(5) because Plaintiff has not alleged, and is unable to establish, that LVNV had knowledge or reason to know that it was disclosing information affecting the debtor's reputation to a person other than the debtor or his family who did not have a legitimate business need for the information or that the information was false.

7. F.S. § 599.72(5) provides that: In collecting consumer debts, no person shall:

> (5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

8. Florida courts have construed § 599.72(5) as requiring Plaintiff to show the following elements necessary for a good cause of action as against LVNV: (1) that there was a disclosure by LVNV of information to a person other than a member of Plaintiff's family, (2) that such person does not have a legitimate business need for the information, and (3) that such information affected the Plaintiff's reputation. *See* Heard v. Mathis, 344 So.2d 651 (Fla. 1st DCA 1977).

9. Plaintiff's complaint alleges that only the "Credit Agency" received information from LVNV regarding the alleged debt, and not any other person. Plaintiff

-3-

has not alleged, nor can he in good faith allege, that a consumer credit reporting agency does not have a legitimate business need for information regarding Plaintiff's alleged default of his credit obligations, or that LVNV had "knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false." Credit reporting agencies are by their very nature in the business of receiving information regarding the status of credit obligations of consumers. Plaintiff has not pled, and cannot plead, the requisite elements to sustain an action under § 599.72(5).

## Conclusion

Based on the foregoing, Count II of Plaintiff's Complaint should be dismissed for failure to state a claim against LVNV.

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail and/or electronic transmission to William Peerce Howard, Esquire, Morgan & Morgan, P.A., One Tampa City Center, 201 N. Franklin Street, 7th Floor, Tampa, FL 33602, and Jon

[This space intentionally left blank.]

Marshall OdenRisher, Rushmer, Werrenrath, Dickson,, Talley & Dunlap, P.A., 20 North Orange Avenue, Suite 1500, P.O. Box 712, Orlando, FL  32802-0712 this 29th day of May, 2009.

                              **WINDERWEEDLE, HAINES, WARD**
                               **& WOODMAN, P.A.**
                              390 North Orange Avenue, Suite 1500
                              Post Office Box 1391
                              Orlando, Florida 32802-1391
                              Attorneys for Defendant, LVNV
                                      FUNDING, LLC
                              Telephone: (407) 423-4246
                              Fax: (407) 423-7014
                              E-mail:  rbweinman@whww.com

                          By:    /s/ Richard B. Weinman
                                   RICHARD B. WEINMAN
                                   Florida Bar No. 0231370